**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| HANS MATHISEN, Derivatively on Behalf of TREVENA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAXINE GOWEN, CARRIE L. BOURDOW, JONATHAN VIOLIN, LEON O. MOULDER, MICHAEL R. DOUGHERTY, BARBARA YANNI, JULIE H. MCHUGH, JAKE R. NUNN, ANNE M. PHILLIPS, ROBERTO CUCA, DAVID SOERGEL, AND ADAM M. KOPPEL, <br><br> Defendants, <br><br> and <br><br> TREVENA, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Civil Action No. 2:18-cv-05482-CMR |

[Caption continued on next page]

| | |
|---|---|
| TROY KROTZ, Derivatively on Behalf of Nominal Defendant TREVENA, INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID SOERGEL, LEON O. MOULDER, JR., CARRIE L. BOURDOW, MICHAEL R. DOUGHERTY, ANNE M. PHILLIPS, MAXINE GOWEN, JAKE R. NUNN, JULIE H. MCHUGH, BARBARA YANNI, and ADAM M. KOPPEL, <br><br> Defendants, <br><br> and <br><br> TREVENA HOLDINGS, INC., <br><br> Nominal Defendant | Civil Action No. 2:19-cv-04399-CMR |
| LISA MCKERNAN, Derivatively on Behalf of TREVENA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MAXINE GOWEN, DAVID SOERGEL, CARRIE L. BOURDOW, LEON O. MOULDER, JR., MICHAEL R. DOUGHERTY, JULIE H. MCHUGH, JAKE R. NUNN, ANNE M. PHILLIPS, BARBARA YANNI, ADAM M. KOPPEL, <br><br> Defendants, <br><br> and <br><br> TREVENA, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Civil Action No. 2:19-cv-05314-CMR |

[Caption continued on next page]

| | |
|---|---|
| BRAD HINES, derivatively on behalf of TREVENA, INC., <br><br>    Plaintiff, <br><br>vs. <br><br>MAXINE GOWEN, ROBERTO CUCA, DAVID SOERGEL, CARRIE BOURDOW, MICHAEL R. DOUGHERTY, ADAM M. KOPPEL, JULIE H. MCHUGH, LEON O. MOULDER, JR., JAKE R. NUNN, ANNE M. PHILLIPS, and BARBARA YANNI, <br><br>    Defendants, <br><br>and <br><br>TREVENA, INC., <br><br>    Nominal Defendant. | Civil Action No. 2:20-cv-04673-CMR |

## **FINAL ORDER AND JUDGMENT**

A final settlement hearing (the "Settlement Hearing") was held before this Court on August 2, 2021, pursuant to this Court's Order of May 27, 2021 (the "Preliminary Approval Order"), to determine: (i) whether to grant final approval to the Settlement set forth in the Stipulation and Agreement of Settlement, dated May 21, 2021 (the "Stipulation" or "Settlement"), which is incorporated herein by reference; (ii) whether to enter the Final Order and Judgment proposed by the Settling Parties; and (iii) to hear and determine any objections to the Settlement. After due and sufficient notice having been given in accordance with the provisions of the Preliminary Approval Order, and all persons having any objection to the proposed Settlement of the Derivative Actions embodied in the Settlement or the request for attorneys' fees and reimbursement of expenses having been given an opportunity to present such objections to the Court; the Court having heard

1

and considered the matter, including all papers filed in connection therewith and the oral presentations of counsel and any objections raised at said hearing, and good cause appearing therefore,

**THE COURT HEREBY FINDS AND ORDERS** as follows:

1. All capitalized terms used in this Judgment and not otherwise defined herein shall have the same meaning as set forth and defined in the Stipulation.

2. This Court has jurisdiction over the subject matter of the above-captioned actions (the "Derivative Actions") and all Settling Parties, including all matters necessary to effectuate the Settlement.

3. The Court hereby grants final approval to the Settlement and finds that the Settlement and terms of the Stipulation are fair, reasonable, and adequate, and in the best interests of Trevena and Current Trevena Stockholders.

4. The Court finds for purposes of the Settlement that: (i) the Derivative Actions were brought as shareholder derivative suits pursuant to Federal Rule of Civil Procedure 23.1; and (ii) Plaintiffs and Plaintiffs' Counsel fairly and adequately represented the interests of Trevena and Current Trevena Stockholders.

5. The Court finds that the notice provided to Current Trevena Stockholders was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all Persons entitled to such notice. The Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

6. The Stipulation and the terms of the proposed Settlement are, in all respects, approved. The Setting Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.      The Derivative Actions and all claims therein are hereby dismissed with prejudice as to all of the Defendants. The Settling Parties shall bear their own fees, costs, and/or expenses except as otherwise provided in the Stipulation and the Preliminary Approval Order.

8.      Upon the Effective Date, Trevena, Plaintiffs (acting on behalf of themselves and derivatively on behalf of Trevena), and each of the Current Trevena Stockholders (solely in their capacity as such) will be forever barred and enjoined from commencing, instituting, or prosecuting any of the Released Claims or any action or other proceeding against any of the Released Persons based on the Released Claims or any action or proceeding arising out of, related to, or in connection with the settlement or resolution of the Derivative Actions, provided that nothing herein shall in any way impair or restrict the rights of any of the Settling Parties to enforce the terms of this Stipulation or the Judgment.

9.      Upon the Effective Date, Trevena and each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of the Plaintiffs, Plaintiffs' Counsel, Trevena, and all of the Current Trevena Stockholders (solely in their capacity as such) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Derivative Actions. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of this Stipulation or the Judgment.

10.     With respect to any of the Plaintiffs' Released Claims and Defendants' Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Plaintiffs and Defendants shall expressly waive, and each of the Current Trevena Stockholders shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under Cal.

3

Civ. Code § 1542 or any law of any jurisdiction or any state or territory of the United States or any foreign jurisdiction, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542. Plaintiffs, Trevena, and the Individual Defendants acknowledge, and Current Trevena Stockholders by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of Plaintiffs' Released Claims and Defendants' Released Claims, but, upon the Effective Date, that it is the intention of Plaintiffs, Trevena, and the Individual Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacity as such, and by operation of law the Current Trevena Stockholders, to completely, fully, finally, and forever settle, release, resolve, relinquish, waive, discharge, and extinguish any and all Plaintiffs' Released Claims and Defendants' Released Claims, known or Unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, and without regard to the subsequent discovery of such additional or different facts. Plaintiffs, Trevena, and the Individual Defendants acknowledge, and Current Trevena Stockholders by operation of the Order and Final Judgment shall be deemed to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement and was relied upon by each and all of Defendants in entering into the Settlement.

12. This Settlement shall be a final and complete resolution of all disputes among the parties with respect to the Derivative Actions.

13. The Court hereby approves the Fee and Expense Amount in accordance with the Stipulation and finds that such fee is fair and reasonable. The Court hereby approves Service

4

Awards of $1,500 to be paid out of the Fee and Expense Amount. The payment of the Fee and Expense Amount in accordance with the terms of the Stipulation shall constitute final and complete payment for Plaintiffs' Counsel's attorneys' fees and for the reimbursement of expenses and costs that have been incurred, or will be incurred, in connection with the Derivative Actions, and shall fully and completely discharge the obligations of the Individual Defendants to pay any fees or expenses of the Plaintiffs or Plaintiffs' Counsel. Plaintiffs' Counsel shall allocate the Fee and Expense Amount among themselves.

14. Pending the occurrence of the Effective Date, no person may institute, commence, or prosecute any action that asserts Released Claims against any of the Released Parties.

15. Regardless whether or not the Effective Date occurs, the fact of and provisions contained in the Stipulation (including any exhibits thereto), the Settlement, and all negotiations, drafts, discussions, actions, and proceedings in connection with the Stipulation or the Settlement shall not be deemed or constitute a presumption, concession, or an admission by any Settling Party in the Derivative Actions, any signatory to the Stipulation, or any Released Person of any fault, liability, or wrongdoing as to any facts or claims alleged or asserted in the Derivative Actions, or any other actions or proceedings, and shall not be interpreted, construed, deemed, involved, invoked, offered, or received in evidence or otherwise used by any person in the Derivative Actions, or in any other action or proceeding, whether civil, criminal, or administrative; provided, however, that nothing herein shall prevent the introduction into evidence of the Stipulation or this Judgement in connection with any proceeding to enforce the terms of the Stipulation or this Order, including but not limited to the filing of the Stipulation and/or this Order by any Settling Party in any action that asserts Released Claims against any of the Released Persons in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and

credit, release, good faith settlement, standing, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

16. During the course of the Derivative Actions, all parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11, and all other similar rules, laws, or statutes

17. In the event that a termination and cancellation of the Settlement occurs pursuant to the Stipulation: (i) the terms and provisions of the Stipulation shall be rendered void and shall have no further force and effect, except as otherwise provided in the Stipulation; and (ii) the Settling Parties shall be deemed to be restored to their respective positions that existed immediately prior to the date of execution of the Stipulation.

18. Without further order of the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits thereto to effectuate the Settlement that are not materially inconsistent with this Judgment.

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation.

20. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk.

IT IS SO ORDERED.

Dated: _____August 2nd,_____, 2021.

/s/ Cynthia M. Rufe
_____
The Honorable Cynthia M. Rufe
United States District Court Judge